

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RUEBEN RIVERS,

                          Plaintiff,

                -against-

THE CITY OF NEW YORK; WARDEN STEPHEN
WETTENSTEIN; and CORRECTIONS OFFICER
MURDOCH,

                        Defendants.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-6383 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Reuben Rivers brings this action under 42 U.S.C. § 1983 seeking

damages resulting from alleged violations of his constitutional rights by Defendants City of New

York (the "City"), Warden Stephen Wettenstein ("Wettenstein"), and Correctional Officer

Murdoch ("Murdoch"). (See Compl. (Dkt. 2).) Plaintiff also moves to proceed in forma

pauperis under 28 U.S.C. § 1915. (Pl. Mot. (Dkt. 1).) Plaintiff's request to proceed in forma

pauperis is GRANTED. However, for the reasons discussed below, his claims against the City

and Wettenstein are DISMISSED. Plaintiff's claim against Defendant Murdoch may proceed as

set forth below.

## I.    BACKGROUND

Plaintiff is an inmate at the Brooklyn Detention Complex. He alleges that between

September 21, 2012, and the present his constitutional rights were violated by Defendants.

Specifically, he alleges Murdoch denied him access to his prescribed medication, beginning on

September 21, 2012, and continuing for several days, causing blurred vision, chronic headaches,

chest pain, shortness of breath, chronic anxiety, depression, and other physical and mental

1

ailments. (Compl. at 3.) He further alleges that Murdoch threatened him in the presence of other inmates and medical administrative staff. (Id.) Plaintiff states that he filed a grievance about this incident at the facility and corresponded with the State Attorney General's Office, evidence of which he attached to his Complaint. (Id. at 4-5, 17-30.)

Plaintiff also alleges he was given the wrong medication by a Nurse Campbell on December 9, 2012, and alleges inadequate medical treatment by a Dr. Shpits following an injury to his thumb sustained on May 29, 2013, and attaches documentation relating to this incident. (Id. at 8-15.) Plaintiff also attaches to his Complaint a witness statement relating to an incident on July 31, 2013, involving an Officer Marrow. None of these three individuals is named as a defendant in this action.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and sua sponte dismiss the complaint, or elements thereof, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte review under § 1915A for prisoners); Liver v. Goord, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is mandatory).

The court notes that pro se filings are construed liberally. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights

2

violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

Nevertheless, although courts must read pro se complaints with "special solicitude" and interpret

them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons,

470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief

that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the

pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual

allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir.

2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009). While

"detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting

Twombly, 550 U.S. at 555).

## III.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim

under §1983, Plaintiff must allege that: (1) "the conduct complained of [was] committed by a

person acting under color of state law," and (2) "the conduct complained of . . . deprived

[Plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United

States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

### A.    Plaintiff's Claim Against Wettenstein

A plaintiff seeking damages under § 1983 must establish that a named defendant was

personally involved in the alleged wrongdoing or misconduct. Farrell v. Burke, 449 F.3d 470,

484 (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

3

through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Here, Plaintiff makes no allegation that Wettenstein participated in any of the alleged harms or could otherwise be held liable for the deprivation of his constitutional rights. (See Compl. at 3-4, 8.) Accordingly, Plaintiff's claims against Wettenstein must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## B.    Plaintiff's Claim Against the City

Plaintiff also names the City of New York as a defendant. In order to sustain a § 1983 claim against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially-adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Plaintiff fails to even allege—and nothing in his Complaint suggests—that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Moreover, Plaintiff makes no specific allegations against the City at all. Accordingly, there does not appear to be any basis in Plaintiff's allegations for suing the City of New York—and even if any such basis existed, Plaintiff fails to plead it. Plaintiff's § 1983 claim against the City of New York therefore is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

4

## IV.    CONCLUSION

Plaintiff's Complaint as to Defendants Wettenstein and the City is DISMISSED. Plaintiff's claim against Defendant Murdoch may proceed.  The Clerk of the Court is directed to issue a summons to Defendant Murdoch, and the U.S. Marshals Service is directed to serve the Complaint and this Order on the Defendant without prepayment of fees.  A courtesy copy of same shall be served upon the Corporation Counsel for the City of New York, Special Federal Litigation Division, and upon Plaintiff.  The case is referred to Magistrate Judge Cheryl Pollak for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

Dated: Brooklyn, New York
        December 23 2013

NICHOLAS G. GARAUFIS
United States District Judge